Edward A. Schmidt, Appellant, v. Massapequa Company, Inc., and Others, Defendants; Gould & Newman and Louis Levy, Respondents.— The decision of this court handed down on December 29, 1933 [240 App. Div. 1011], is hereby amended to read as follows: Order in so far as an appeal is taken therefrom reversed on the law and the facts, the motion for delivery of all books, papers and documents to plaintiff's substituted attorney by Gould & Newman and Louis Levy granted, and the parts thereof directing a reference and appointing a referee struck out, with ten dollars costs and disbursements to appellant. On the facts disclosed it does not appear that respondent Levy or respondents Gould & Newman had a valid retaining lien as counsel for the attorney of record for plaintiff, who retained control of the action. They have elected to proceed against plaintiff and his attorney by action; and under those circumstances, with the ultimate rights of the parties a matter of doubt, the court will not lend its summary powers to settling a dispute which may be determined by the more orderly method of trial. Young, Kapper, Carswell and Davis, JJ., concur; Lazansky, P. J., dissents as to respondent Levy on the ground that the filing of the undertaking waived the right of appeal.

William F. Stanton, Plaintiff, v. The County of Orange, Defendant.— Judgment unanimously directed for plaintiff, without costs, upon submission of controversy. No opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.

Morris Tapis, Respondent, v. David B. Blanton, Appellant.— Order granting defendant's motion to dismiss complaint modified by striking therefrom the words " unless plaintiff forthwith notices the case for the November term and files his note of issue," and as so modified affirmed, with ten dollars costs and disbursements to appellant. This action has been at issue since the 3d day of August, 1929. A delay of more than four years in noticing the case for trial is plainly unreasonable unless such delay is satisfactorily excused. Even if the excuse here presented were sufficient in itself, that is, that the plaintiff was unable to pay the fee to have the cause of action placed upon the Trial Term calendar, there is no proof of facts upon which that excuse can be predicated. The affidavit submitted in opposition is clearly insufficient. Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.

Title Guarantee and Trust Company, Plaintiff, v. Stoutenburgh Realty Corporation, Menorah Construction Company, Inc., and Others, Defendants. In the Matter of the Application of Fred P. Pirone, Receiver of the Rents, etc., of Premises 31-03 Twenty-third Street, Long Island City, Respondent, to Fix Rents, etc. Adolph Ginsburg, Tenant, Appellant.— Order appealed from, in so far as it grants the motion to vacate order dated July 15, 1933, and to fix rent and require the tenant to attorn to the receiver, reversed on the law, with ten dollars costs and disbursements, and motion in that respect denied, with ten dollars costs. While, in our opinion, the conclusion of the Special Term on the reargument was right, it had not jurisdiction on the original motion papers to reverse the order denying the respondent's motion. Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.